RICHARD E. E. CAMPBELL *vs.* SCHOOL COMMITTEE OF THE TOWN OF COVENTRY.

SEPTEMBER 15, 1941.

The above-entitled proceeding is an appeal to the director of education from the action of the school committee of the town of Coventry, taken at its regular meeting on May 8, 1941, and whereby it elected or purported to elect Harold F. King as superintendent of schools of that town for the term of two years beginning the first day of September, 1941. The appellant was, at the time of that meeting, and continued to be thereafter, until September 1, 1941, the superintendent of schools of that town, having been duly elected by the school committee, in accordance with its rules and regulations, at its regular meeting in May, 1939, for the term of two years beginning on September 1 of that year.

His appeal was duly heard before the director of education upon oral testimony taken and exhibits filed. Before the taking of testimony began, the attorney for the appellant made it clear that he wished and requested that after the hearing before the director of education the appeal be submitted to a justice of the supreme court for final decision, in accordance with general laws 1938, chapter 199, § 3.

Section 2 of that chapter reads as follows: "Any person aggrieved by any decision or doings of any school committee, or in any other matter arising under this title, may appeal to the director of education, who, after notice to the party interested of the time and place of hearing, shall examine and decide the same without cost to the parties: *Provided*, that nothing contained in this section shall be so construed as to deprive such aggrieved party of any legal remedy."

Section 3 reads as follows: "The director of education may, and if requested on hearing such appeal by either party shall, lay a statement of the facts of the case before one of the justices of the supreme court, whose decision shall be final."

After the hearing before the director had been held, briefs were filed with him in support of the contentions made by the attorneys for the appellant and the school committee respectively. Later the director filed in the case a typewritten statement. In this he sets forth, first, the appellant's appeal, and then the salient facts of the case as shown by the evidence taken before him and as incorporated in the minutes of the meeting in question, which had been submitted by the clerk and approved at the next meeting of the school committee.

He then states that the state legislature has granted permanent tenure to teachers in only the city of Woonsocket and the town of Cumberland and this finding is not disputed. He also finds, as facts, that the town of Coventry has not granted permanent tenure to its teachers; that its school committee elects its teachers for definite terms; that under the rules and regulations of the committee its superintendent of schools is elected biennially and May 8, 1941 was the regular meeting date for the election of a superintendent for the term of two years beginning September 1, 1941; and that there is no requirement of previous service by a person chosen or of a hearing on preferment of charges against an incumbent whose term of office is about to expire.

The director in his statement then discusses the facts as to the proceedings at the meeting in question and makes some further findings of fact with regard thereto. He also discusses somewhat the rules of law applicable to the facts found and makes a ruling that the meeting was legally conducted. He decides that Harold F. King was thereat legally elected superintendent of schools for the town of Coventry and denies the appeal.

In pursuance of the above-mentioned request of the attorney for the appellant, and purporting to act under the terms of G. L. 1938, chap. 199, § 3, quoted above, the director has laid before me, as a justice of the supreme court, his statement above described, together with a certified transcript of the testimony taken before him and with the exhibits filed at that hearing and the briefs filed with him for the respective parties; and he has requested that I render a final decision in the case. The attorneys for the parties have waived any rights which they might have to file any other briefs or to make any oral arguments before me.

There may be a serious question whether it was proper, after the appellant by his attorney had requested that his appeal be submitted to a justice of the supreme court for final decision and there had been a hearing of the appeal before the director of education and evidence had been submitted thereat, for the director to discuss the law or to render any final decision or to submit to a justice of the supreme court anything more than a statement of the pertinent *facts* of the case. But as apparently no objection has been made by either of the parties to the procedure followed by the director and they have assented to the case being decided by me upon the papers presented to me by him, and as the matter is one of some urgency, I will decide it upon the facts found by him in his statement, none of which appear to be unsupported by the evidence before him.

In *Hasbrouck* v. *School Com. of Bristol,* 46 R. I. 466, the commissioner of education, before whom an appeal from an action of the school committee of Bristol had been heard, decided the case against the appellants before bringing a statement of the facts in the case before a justice of the supreme court under a statute substantially the same as the present one; and that justice heard and decided the case, without criticizing the commissioner for deciding the appeal on its merits before bringing the statement of facts before him.

It is stated by the appellant as one of his grounds in his appeal to the director: "That the attempted discharge of the appellant was not based on any legal ground but was brought about by malice and ill will on the part of certain politicians who have injected politics into the School Department of said Town". The appellant also strongly relied upon this ground in his brief filed with the director. No such fact was found by the director or shown by the evidence; and in passing on the appeal I cannot properly consider the motives that may have influenced the members of the school committee who voted for the election of Harold F. King as successor to the appellant. That is not a matter for judicial consideration, but for consideration by the voters of Coventry.

Before the director the appellant also contended vigorously that as superintendent of schools in Coventry he had tenure of office and could not be deprived of his position except upon charges. But there was no statute giving such tenure and the director found that as a matter of fact there was no action by the school committee to give any tenure of office to the superintendent of schools. From that finding and others above stated as made by him on the subject of tenure, it clearly follows that the appellant had no tenure of office and that the school committee had the power, at the meeting in question, and without preferring any charges against the appellant or giving him any hearing, to elect a successor to him to take office upon the first day of the next September, when the appellant's term of office would expire.

Four of the seven grounds of appeal stated by the appellant in his appeal to the director of education are based on allegations as to the minutes of the meeting in question, as presented by the clerk and approved at the next meeting, charging that the matters and things which transpired, in reference to the appointment of a superintendent, were not properly recorded; that the minutes do not truly set forth the matters and things which transpired as to the purported election of a superintendent; that the minutes having refer-

ence to the appointment of a superintendent were deliberately recorded in such a way as to deprive the appellant of his right of appeal based upon the record itself; and that some of the happenings of said meeting with reference to the appointment of a superintendent, were intentionally omitted from the minutes of said meeting.

After considering these grounds of appeal in the light of the evidence submitted to the director and his findings thereon, I am of the opinion that there is no merit in any of them.

The only issue that remains for consideration, being the one with which the briefs filed with the director are mainly concerned, is whether the way in which the meeting in question was conducted by the chairman of the school committee was such that Harold F. King was not validly elected superintendent, for the next term of two years beginning on September 1, 1941.

The director, after the hearing before him, made specific findings of fact on this issue, which are set forth in his statement submitted to me. In similar cases in this state in the past, under statutes substantially the same as the one involved in this case, it has been held that such findings of fact are conclusive. *Crandall* v. *James,* 6 R. I. 144; *Appeal of Cottrell,* 10 R. I. 615; *Hasbrouck* v. *School Com. of Bristol, supra.* But even if such findings in the present case are not conclusive in the full sense of that term, they must certainly be sustained unless clearly against the weight of the evidence; and I am convinced, from a consideration of the evidence before the director, that they were not clearly against the weight of that evidence.

According to these findings the meeting in question was a regular meeting, at which a superintendent of schools was to be elected according to the rules and regulations of the committee. All five members of the committee were present and the chairman presided. After the transaction of some other business he announced that the next business would be

the election of a superintendent of schools for the ensuing term.

Harold F. King was nominated and the nomination was seconded. The appellant was nominated by Mr. Bainton, one of the members, but there was no second to that nomination and the chairman stated that fact. "There was a mild discussion but no protest or objection was voiced by Mr. Bainton", who then asked for a roll call vote. One of the other members understood that Mr. Bainton was asking for a roll call vote on the nomination of the appellant and started a discussion, during which the chairman leaned over to Mr. Bainton and said: "Mr. Campbell's nomination is not in order because it wasn't seconded." The discussion ended when Mr. Bainton made it clear that he was asking for a roll call vote on the nomination of Mr. King. Such vote was then taken and resulted in four votes for Mr. King and one vote, that of Mr. Bainton, for the appellant.

The above facts were substantially set forth in the minutes of the meeting, as written out by the clerk of the committee and approved at its next meeting, except that no mention was made therein of the statement or ruling by the chairman that the appellant's nomination was not in order because it was not seconded. By reason of the facts found by the director I am of the opinion that this omission was not fatal to the validity of the election of Mr. King.

At the next meeting Mr. Bainton presented a written protest against the adoption of the minutes of the meeting in question on the ground that they did not contain a statement that the chairman, in spite of Mr. Bainton's protest, had ruled that the appellant's nomination was not seconded and was out of order. It was voted by the committee not to include such a statement in the minutes of the previous meeting.

The director in his statement calls attention to the fact that at the hearing Mr. Bainton, with reference to the statement made to him by the chairman at the meeting in question as to the nomination of the appellant not being sec-

onded, testified: "I want it understood I didn't object or protest but there was a discussion. . . . It was only a mild discussion. The real discussion was over the roll call vote." This is quoted by the director from the transcript of the testimony. The director finds that Mr. Bainton, by asking for a roll call vote on the nomination of Mr. King and voting on it, though in the negative, had waived what the director considered an erroneous ruling by the chairman, (if it was a ruling), that the appellant's nomination required a second.

Granting, for the sake of argument, that Mr. Bainton did protest against a ruling by the chairman that the nomination by the former of the appellant was not before the meeting because it was not seconded, it is clear that Mr. Bainton did not appeal to the committee from that ruling. On the contrary he took the entirely inconsistent course of asking for a roll call vote on the previous nomination of Mr. King by one of the other members. By so doing he waived any right which he might have had to appeal from the chairman's ruling.

When, a little later, after a discussion, caused by a mistaken understanding by one of the other members that Mr. Bainton's request was for a roll call vote on his own nomination of the appellant, it was made clear what this request was, and it was complied with and the roll call vote on the nomination of Mr. King was taken accordingly, and Mr. Bainton himself voted in the negative and all the other members voted in the affirmative, he thus again waived any rights that he might otherwise have had to object to the way in which the meeting was conducted as to the election.

This may not have been the best way to conduct the meeting; but I cannot see that any right of Mr. Bainton or of the appellant was thus impaired; and when four out of five members of the committee voted for Mr. King, and Mr. Bainton alone voted to the contrary, his vote had exactly as much effect as if he had had the chance to vote for the appellant and had done so.

On the point of law here involved, the appellant relies for authority almost, if not quite, exclusively on the case of

*State ex rel. Southey* v. *Lashar,* 71 Conn. 540. At the meeting of the board of commissioners which was involved in that case, the presiding officer, being the mayor of the city, declared that a certain motion by one of the members was out of order and declined to entertain it. No appeal to the board from the ruling was taken; but instead another member arose and put the motion to a vote. When a majority of four to one voted in favor of it, he declared it carried. He then continued to preside over the meeting, without being authorized to do so, and conducted an election of a street commissioner, which was called for by the vote and at which one of the parties in the case was declared elected by a vote of four to one.

It was held in that case that the election was void because the proper procedure, of an appeal by the maker of the motion from the ruling of the presiding officer to the members present, had not been taken but, instead, the legal presiding officer had been unlawfully superseded and the meeting had therefore ceased to be a legal one. The distinction between that case and the instant one is obvious. Indeed, the opinion of the supreme court of Connecticut in that case is in favor of a conclusion in the instant case that if a ruling by the presiding officer of the committee was made holding the nomination of Mr. Bainton of the appellant to be of no effect because not seconded, that ruling, even if not valid when made, became valid because Mr. Bainton did not take an appeal therefrom to the meeting as a whole but asked for a roll call in accordance therewith.

I am of the opinion that at the meeting in question Harold F. King was validly elected superintendent of schools in the town of Coventry for the term of two years beginning on September 1, 1941; that the decision of the director of education was correct; and that the appellant's appeal should be denied.

All of the objections urged by the appellant are overruled. The action of the director of education upon the appeal is approved and confirmed.

WILLIAM W. Moss,
*Associate Justice of the Supreme Court*

*Michael De Ciantis,* for Campbell.

*Francis V. Reynolds, Harold A. Andrews,* for School Committee.

*Guillaume L. Parent,* 5th Asst. Atty. Gen., for State.